1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **EASTERN DISTRICT OF CALIFORNIA**

10

11  FRANCISCO SIERRA,                     )   Case No. 1:21-cv-01694-SAB (PC)
                                          )
12              Plaintiff,                )
                                          )   ORDER DIRECTING CLERK OF COURT TO
13       v.                               )   RANDOMLY ASSIGN A DISTRICT JUDGE TO
                                          )   THIS ACTION
14  STUART SHERMAN, et al.,               )
                                          )   FINDINGS AND RECOMMENDATIONS
15              Defendants.               )   REGARDING DISMISSAL OF CERTAIN
                                          )   CLAIMS AND DEFENDANTS AND TO SEVER
16                                        )   CERTAIN CLAIMS
                                          )
17  _____      )   (ECF Nos. 20, 21)

18          Plaintiff Francisco Sierra is proceeding *pro se* and *in forma pauperis* in this civil rights action

19  pursuant to 42 U.S.C. § 1983.

20           On May 27, 2022, the Court screened Plaintiff's first amended complaint, found that he stated

21  three unrelated claims for retaliation, and granted Plaintiff leave to file an amended complaint or

22  notify the Court of his intent to proceed on only one of the retaliation claims.  (ECF No. 20.)

23          On June 14, 2022, Plaintiff filed a notice to proceed on one of the retaliation claims.  (ECF No.

24  21.)  Therein, Plaintiff states "[t]his Honorable Judge insists for plaintiff to quote file separate law

25  suits on c/o A. Carrillo and E. Hinojosa when both these officers at the same prison yard only a couple

26  months apart (at the most) retaliated upon plaintiff for the (same purpose) of petitioning the

27  government."  (Id. at 1.)   Plaintiff further states that he does not have the financial ability to file

28  separate actions and he submits that the Court can decide what claim(s) he can proceed on.  (Id. at 2.)

                                          1

As Plaintiff has agreed to proceed on only one of his retaliation claims, for the reasons explained below, the Court will recommend that the three separate and unrelated retaliation claims be severed and filed in two new actions and all other claims be dismissed from the action for failure to state a cognizable claim for relief.

**I.**

**DISCUSSION**

**A.      Retaliation Claims**

As stated in the Court's May 27, 2022 screening order, Plaintiff's allegations that Hinojosa advised him she did not like the way he filed complaints and grievances, and two days later accused him of conspiracy to assault and placed in administrative segregation is sufficient to state a cognizable retaliation claim.  In addition, Plaintiff's allegations that officer Carrillo stole Plaintiff's television and later moved him to a different facility (assuming such action is adverse) because he filed too many complaints is sufficient to state a cognizable retaliation claim.  Plaintiff also states a cognizable retaliation claim against Defendant Holmes who wrote him up for refusing to work after Plaintiff filed a grievance against him.  Although Plaintiff has stated a cognizable retaliation claims against these defendants, his complaint violates the rules regarding joinder of claims. Therefore, Plaintiff may not pursue multiple unrelated claims regarding retaliation.

**B.      Unrelated Claims**

Separate incidents must be brought in separate actions. "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Plaintiff has been cautioned that if he failed to elect which category of claims to pursue, the Court will determine which claims should proceed and which claims will be dismissed and Plaintiff has specifically requested the Court elect which claims to proceed.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C.      Statute of Limitations

In considering misjoined claims, the Ninth Circuit has advised district courts to conduct a prejudice analysis before dismissing the severed parties pursuant to Federal Rule of Civil Procedure 21. Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (abuse of discretion to dismiss rather than sever claims against improperly joined parties without evaluating the prejudice to the plaintiff of dismissal). The Ninth Circuit expressly noted that such consideration should include "loss of otherwise timely claims if new suits are blocked by statutes of limitations." Rush, 779 at 975 (citation omitted).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); see also Canatella v. Van De Camp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues when plaintiff knows or has reason to know of the injury giving rise to the claim. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 926 (9th Cir. 2004); see also Cal. Civ. Proc. Code §§ 335.1, 352.1(a) (two-year statute of limitations for personal injury claims; two-year tolling period due to incarceration). The statute of limitations for bringing a claim under § 1983 in California is two years and this period is tolled during the time a prisoner pursues his administrative remedies, and is potentially tolled up to an additional two years if plaintiff is incarcerated for a term of less than life. Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("State law governs the statute of limitations period for § 1983 suits and closely related questions of tolling. Section 1983 claims are characterized as personal injury suits for statute of limitations purposes" (citations omitted)); Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); Cal. Civ. Proc. Code §§ 335.1, 352.1(a). Under California's test for equitable tolling, a plaintiff must establish "timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1204 (9th Cir. 2014) (explaining that federal courts borrow state law equitable tolling provisions, unless they are inconsistent with federal law, and setting forth California's doctrine of equitable tolling).

///

The retaliation claim for the incident on June 6, 2019, involving Defendant Carrillo will be allowed to proceed in this case.  The retaliation claim for the incident on June 1, 2018, involving Defendant Holmes and the retaliation claim for the incident on June 20, 2018, involving Defendant Hinojosa may be barred by the statute of limitations if dismissed.  Therefore, these claims will be severed and new cases established.

## II.

## CONCLUSION AND RECOMMENDATIONS

Plaintiff's complaint states a cognizable claim against Defendant Carrillo for retaliation when on June 6, 2019, he stole Plaintiff's television and later moved him to a different facility (assuming such action is adverse) because he filed too many complaints.

Based on the foregoing, the Clerk of the Court is HEREBY ORDERED to randomly assign a District Judge to this action.

Further, the Court HEREBY RECOMMENDS that:

1.   This action proceed on Plaintiff's first amended complaint, filed April 1, 2022, (ECF No. 16), only as to the retaliation claim against Defendant Carrillo;

2.   Pursuant to Federal Rule of Civil Procedure 21, the Court severs the misjoined claims, into two separate cases and such cases be opened, for retaliation for the incidents of:

   a. June 1, 2018, involving Defendant Holmes who wrote Plaintiff up for refusing to work after Plaintiff filed a grievance against him;

   b. June 20, 2018 involving Defendant Hinojosa who advised Plaintiff she did not like the way he filed complaints and grievances, and two days later accused him of conspiracy to assault and placed in administrative segregation;

3.   The Clerk of the Court shall file the First Amended Complaint (Doc. 16) in each newly opened case and shall directly assign each of the three new cases to the same District Judge and Magistrate Judge as in case 21-cv-01694-SAB (PC); and

4.   All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief as analyzed in the Court's May 27, 2022 screening order (ECF No. 20).

1        These Findings and Recommendations will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

3  **days** after being served with these Findings and Recommendations, Plaintiff may file written

4  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

6  time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.

7  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391,

8  1394 (9th Cir. 1991)).

9

10

11  IT IS SO ORDERED.

12  Dated:   **June 17, 2022**

13                              UNITED STATES MAGISTRATE JUDGE

5